UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STANLEY R. KLIEM,

    Petitioner,

v.     Case No: 2:17-cv-330-FtM-66MRM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.

## ORDER

Stanley Kliem timely petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response (Doc. 9), and Petitioner did not reply. For the reasons stated below, the petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

## BACKGROUND

The State of Florida charged Petitioner by information with three counts: (I) Second Degree Murder under Fla. Stat. §§ 782.04(2), 777.011; (II) Burglary of a Dwelling under Fla. Stat. §§ 810.02, 777.011; and (III) Grand Theft under Fla. Stat. § 812.014. (Doc. 10-1, Ex. 1, Vol. 1 at 7-8). A jury convicted Petitioner of the lesser included offense of manslaughter, burglary, and grand theft. (Id. at 60-61). The trial court sentenced Petitioner to an aggregate of 30 years' imprisonment as follows: Fifteen (15) years' imprisonment for manslaughter; fifteen years for burglary of a dwelling, to run consecutive to the 15-year burglary sentence; and five

years for the grand theft count, to run concurrent to the sentences imposed for the manslaughter and burglary. (Id. at 125).

On direct appeal to the Florida Second District Court of Appeal ("Second DCA"), Petitioner's appellate counsel raised two challenges as to Petitioner's convictions: (1) a challenge to the State's utilization of a peremptory strike; and (2) the trial court denying a motion for mistrial based on the State improperly phrasing a question during its direct examination in violation of a ruling in limine. (Doc. 11-6, Ex. 2 at 11–12). The Second DCA affirmed Petitioner's convictions and sentences per curiam. (Doc. 11-6, Ex. 4).

Petitioner then filed several post-conviction motions in the Florida State courts. Petitioner filed his first petition for a writ of habeas corpus in the Second DCA, raising four grounds of ineffective assistance of state appellate counsel, two of which challenged the language of the manslaughter jury instruction charged to the jury. (Doc. 11-6, Ex. 6). The Second DCA denied this petition per curiam. (Id., Ex. 7). Petitioner next moved under Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence, arguing his consecutive sentence for Count II (burglary of a dwelling) arose from the same criminal event as Count I (manslaughter). (Id., Ex. 8). The post-conviction court summarily denied that motion. (Id., Ex. 10). Petitioner appealed that denial; but, the Second DCA once again affirmed per curiam. (Id., Ex. 11).

Petitioner then filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that his trial counsel was ineffective for

failing to file motions: (1) to suppress certain evidence; (2) for judgment of acquittal as to the grand theft count; and (3) to disqualify the trial judge. (Doc. 11-6, Ex. 13). The post-conviction court denied that petition. (Doc. 11-7, at Ex. 16). He filed a second pro se petition for writ of habeas corpus, which the Second DCA dismissed as untimely and successive. (Doc. 11-8, Ex. 21).

After exhausting all these avenues, Petitioner now turns to federal court and Respondent cedes that his petition is timely. (See Doc. 9 at 6).

## STANDARD OF REVIEW

Because Kliem filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the AEDPA governs his petition. Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007). Review under the AEDPA is greatly circumscribed and highly deferential to the state courts. Alston v. Fla. Dep't of Corrs., 610 F.3d 1318, 1325 (11th Cir. 2010) (citations omitted). The AEDPA modified a federal court's review of habeas corpus petitions "to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 692 (2002). Accordingly, these principles apply to the petition here.

### I.   Deference to State Court Decisions

Federal courts may not grant relief on a claim that a state court has adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Cullen v. Pinholster, 563 U.S. 170, 181 (2011). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted).

"[U]nless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d 953, 969 (11th Cir. 2011) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)), vacated, 568 U.S. 1190 (2013), reinstated, 736 F.3d 1331 (11th Cir. 2013). As such, a state court's summary rejection of a claim—even without explanation—qualifies as an adjudication on the merits warranting a federal court's deference. Id. at 967-68; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"A legal principle is 'clearly established' within the meaning of [§ 2254] only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Williams v. Taylor, 529 U.S. 362, 412 (2000) ("[T]he phrase 'clearly established Federal law, as determined by [the Supreme] Court' refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."). And a state court unreasonably applies federal law "when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the

petitioner's case or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal citations and quotations omitted).

In determining whether the state court's application of federal law was unreasonable, the Court conducts a two-step analysis as set forth in Harrington v. Richter, 562 U.S. 86 (2011). First, "§ 2254(d) requires a habeas court to determine what arguments or theories supported, or could have supported, the state-court decision"; and second, the Court must ask "whether it is possible fairminded [sic] jurists could disagree that those arguments or theories are inconsistent with a prior decision of" the Supreme Court. Harrington, 562 U.S. at 102 (citation omitted). Finally, "a determination of a factual issue made by a State court shall be presumed to be correct." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005) (citing 28 U.S.C. § 2254(e)).

With these principles in mind, the Court now turns to Petitioner's arguments.

## DISCUSSION

Petitioner raises two grounds in his petition. In his own words, they are:

> **GROUND ONE:** "THE LOWER STATE TRIBUNAL ERRED WHEN IT DENIED ISSUE "ONE" OF THE PETITIONER'S RULE 3.850 MOTION WITHOUT CONDUCTING AN EVIDENTIARY HEARING";
>
> **GROUND TWO:** Whether Appellate Counsel was ineffective in failing to raise that the manslaughter-by-act jury instruction did not include an essential element that the act(s) that caused the victim's death were "intentionally" committed by the Defendant constituted

- 5 -

> fundamental error, and thus, deprived Petitioner of his right to an impartial and fair trial as guaranteed by the Sixth Amendment to the United States Constitution.

(Doc. 1 at 15, 20) (footnote omitted, quotation marks in original). The Court will discuss each claim in turn.

### I. Ground One Fails to State a Cognizable Claim.

Although framed as an ineffective-assistance-of-counsel claim, the heart of Ground One is Petitioner's challenge to the post-conviction court's failure to conduct an evidentiary hearing on one of his ineffective assistance of counsel claims. He asserts the following:

> [T]he issue raised in [Petitioner's] state post-conviction motion, with regards to counsel's failure to fully litigate his fourth and fifth amendment claim through filing a legally sufficient motion to suppress his post-arrest statements, turned not on whether the motion—had it been filed—would have succeeded, but rather, <u>whether he was entitled to an evidentiary hearing and proper inquiry into why counsel failed to fully and properly litigate . . . an issue</u>.

(Doc. 1 at 15) (emphasis added).

To leave no doubt that Petitioner is challenging the procedure utilized by the post-conviction court, he further alleges that:

> [T]he state postconviction court in this case, [sic] unreasonably applied settled federal law in its adjudication on the Petitioner's postconviction motion <u>without conducting an evidentiary hearing</u> on the claim when the record did not conclusively refute the Petitioner's claim.

(Doc. 1 at 18) (emphasis added). Thus, as Respondent correctly points out, Petitioner "is actually challenging the state post-conviction court's decision to deny the Rule 3.850 motion without holding an evidentiary hearing." (Doc. 9 at 11-12).

Ground One therefore fails because it is a challenge to a proceeding collateral to Petitioner's confinement and <u>not</u> a challenge to the confinement itself. <u>See</u> <u>Carroll v. Sec'y, Dep't of Corr.</u>, 574 F.3d 1354, 1365 (11th Cir. 2009). The Eleventh Circuit has repeatedly held that a prisoner's challenge to the process afforded him in a state post-conviction proceeding, like a state post-conviction court's failure to hold an evidentiary hearing on the prisoner's post-conviction motion, does not constitute a cognizable claim for habeas corpus relief. <u>See id.</u> (citing <u>Anderson v. Sec'y for Dept. of Corr.</u>, 462 F.3d 1319, 1330 (11th Cir. 2006)) (denying habeas petition "to the extent it rests on the state court's failure to grant an evidentiary hearing under Florida law"); <u>see also</u> <u>Anderson</u>, 462 F.3d at 1330 (explaining that it is "beyond debate" that a state post-conviction court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief); <u>cf.</u> <u>Herron v. Sec'y, Dep't of Corr.</u>, No. 8:11-cv-1483-T-27TGW, 2014 WL 4540257, at *7 (M.D. Fla. Sept. 11, 2014) (collecting cases).

Because Ground One of Petitioner's habeas corpus petition does not challenge Petitioner's confinement and instead challenges the process the state court afforded him in the collateral post-conviction proceedings, it does not warrant federal habeas relief. Thus, Ground One fails as a matter of law.

## II.   Petitioner's Claim of Ineffective Appellate Counsel Also Fails.

### A.   Petitioner's Claim is Procedurally Barred.

In Ground Two, Petitioner alleges that his Florida state appellate counsel was ineffective for failing to challenge the manslaughter jury instruction on appeal. (See Doc. 1 at 20).   Specifically, Petitioner argues:

> Appellate Counsel was ineffective in failing to raise that the manslaughter-by-act jury instruction did not include an essential element that the act(s) that caused the victim's death were "intentionally" committed by the Defendant constituted fundamental error and this deprived Petitioner of his right to an impartial and fair trial as guaranteed by the Sixth Amended to the United States Constitution.

(Id.).   But this argument also fails.

Petitioner cedes that he raised this same argument in his second successive petition in state court.   (Doc. 1 at 20 n.4).   Respondent argues that Ground Two is now procedurally barred because the Second DCA dismissed this argument as untimely and successive under Florida Rule of Appellate Procedure 9.141(d)(5). (Doc. 9 at 14).   This Court agrees.

Where, as here, "a return to state court would be futile—because the petitioner's claims would clearly be barred by state procedural rules—a federal court can forego the needless judicial ping-pong and treat unexhausted claims as procedurally defaulted."   Hittson v. GDCP Warden, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014).   Moreover, absent exceptions that do not apply to Petitioner's claim, "[f]ederal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its

judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." Hill v. Jones, 81 F.3d 1015, 1022 (11th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 260-61 (1989)).

Here, the Second DCA stated, in no uncertain terms, that it dismissed Petitioner's ineffective assistance of appellate counsel claim as "untimely and successive" under Florida Rule of Appellate Procedure 9.141(d)(5). (Doc. 11-8, Ex. 21). Because Petitioner's claim was untimely under that rule, any remand to state court would be futile. And because Petitioner procedurally defaulted on his ineffective-assistance claim, this Court may not review that Second DCA's denial, which clearly rests on an adequate and independent state ground. Therefore, Petitioner's argument here is procedurally barred.

### B. The Manslaughter Jury Instruction Was Not Fundamental Error.

Even assuming, for the sake of argument, that Petitioner's claim was not procedurally barred, the Eleventh Circuit has rejected on the merits a substantially similar argument before the Court. "To succeed on an ineffective assistance of counsel claim, a defendant must establish (1) 'that counsel's performance was deficient' and (2) 'that the deficient performance prejudiced the defense.'" Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). But "[u]nder Florida law, if a defendant," like Petitioner, "fails to object to a jury instruction at trial, the instruction may be challenged on appeal only if it amounts to 'fundamental error.'" Id. at 1296 (citing State v. Delva, 575 So. 2d 643, 644 (Fla. 1991)). "That means unless the

unpreserved jury instruction error that appellate counsel failed to raise is fundamental error, the Florida appellate courts would not have granted relief even if counsel had raised it on appeal." Id. at 1297. It follows that appellate counsel "will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten [Petitioner] any relief." Id. Moreover, "a petitioner cannot show prejudice from the failure of appellate counsel to raise an issue that would not have been considered on appeal because it was not raised in the trial court." Id. Lastly, this Court must defer to the Second DCA on its determination of whether the manslaughter jury instruction was fundamental error. See id. at 1297-99.

Here, Petitioner's trial counsel did not object to the jury instruction at trial, his appellate counsel did not challenge the manslaughter jury instruction in the direct appeal, and, even more, the Second DCA squarely rejected this argument in Petitioner's first petition for writ of habeas corpus. Thus, as Respondent correctly notes, the Second DCA effectively found that the jury instruction did not constitute fundamental error. (See Doc. 11-8, Ex. 21). Indeed, the Court must afford the Second DCA "the benefit of the doubt" that it would have afforded Petitioner relief had the jury instruction, in fact, constituted fundamental error. Pinkney, 876 F.3d at 1298. But the Second DCA did not so hold. Thus, Petitioner's appellate counsel could not have performed deficiently for failing to raise a futile argument.

Lastly, even if the Court were to reach the merits of Petitioner's challenge to the trial court's manslaughter jury instruction, the outcome would be no different.

Petitioner argues that it was fundamental error to omit language concerning intent from his jury instruction. (Doc. 1 at 22). Specifically, Petitioner asserts that under Houston v. State, 87 So. 3d 1, 3 (Fla. 2d DCA 2011), a conviction for manslaughter-by-act requires an intentional act that causes death. (Doc. 1 at 22 n.6). The logical conclusion, Petitioner contends, is that appellate counsel was ineffective for failing to make this argument on appeal. But the Florida standard jury instruction for manslaughter at the time of Petitioner's trial lacked the "intentional act" language:

> To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
>
> 1. Merrily Davis is dead; and
>
> 2. The Defendant's acts or act caused the death of Merrily Davis, or the death of Merrily Davis was caused by the culpable negligence of the defendant.

(Doc. 11-5, Ex. 1, Vol. 8 at 1535).

It was not until approximately five months after Petitioner's trial, on October 13, 2011, that the Florida Supreme Court changed the manslaughter-by-act jury instructions to read:

> To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
>
> (1) (Victim) is dead.
>
> 2.a. (Defendant) <u>intentionally committed</u> an act or acts that caused the death of (victim).

In Re Amendments to Standard Jury Instructions in Criminal Cases-Instructions 7.7, 75 So. 3d 210, 211 (Fla. 2011) (emphasis added).

The jury returned Petitioner's verdict on April 5, 2011. (Doc. 10-1, Ex. 1, Vol. 1 at 60-61). Petitioner's confused argument regarding the intent element of his jury instructions therefore fails because the intent language was not part of the manslaughter jury instruction until more than five months after Petitioner's verdict.[1] Petitioner's appellate counsel, thus, could not have been ineffective for failing to raise the issue because the standard jury instruction Petitioner complains should have been charged to the jury did not even exist at the time of his conviction. See, e.g., Mitchell v. Sec'y, Dept. of Corr., 5:17-cv-02-Oc-33PRL, 2019 WL 5802545, at *5 (M.D. Fla. Nov. 7, 2019) (holding that "[p]etitioner's argument regarding the language in the manslaughter jury instructions is without merit, and therefore appellate counsel was not deficient for failing to raise it"). As such, Petitioner has failed to demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of Strickland, or an unreasonable determination of facts.

Accordingly, Petitioner cannot establish prejudice under Strickland and relief is not available under Ground Two.

## DENIAL OF CERITIFCATE OF APPEALABILITY

Petitioner must secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P.

---

[1] Even more, Houston, the Second DCA case cited by Petitioner as purported support for his argument that the jury was not instructed correctly as to manslaughter, involved attempted manslaughter and, in all events, was not decided until after his trial. See Houston, 87 So. 3d at 1.

22(b)(1).  The Court does not issue a certificate of appealability to Petitioner here. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).  Petitioner has not made the requisite showing here.  Finally, because Petitioner may not have a certificate of appealability, he may not appeal in forma pauperis.

Accordingly, it is now **ORDERED**:

1. Petitioner Stanley Kliem's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED**.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and to close the file.

**ORDERED** at Fort Myers, Florida, November 4, 2020.

*[Signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE